IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JANET L. SMITH,                                 Civ. No. 12-00033-AA

          Plaintiff,                            OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.
_____

Tim Wilborn
Wilborn Law Office, P.C.
P.O. Box 370578
Las Vegas, NV 89137
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Richard M. Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
     Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

## BACKGROUND

On August 20, 2008, plaintiff filed an application for Social Security Disability Insurance (SSDI) benefits.  Tr. 143-44.  Plaintiff's application was denied, prompting her to request a hearing before an administrative law judge (ALJ). This hearing was held on April 4, 2010, in Coos Bay, Oregon with ALJ Michael Gilbert presiding. Tr. 42.  The ALJ ultimately found plaintiff not disabled within the meaning of the Social Security Act.  Tr. 21-33.  Plaintiff appealed tothe SSA's Appeals Council; the appeal was denied on November 10, 2011, rendering the ALJ's decision the final decision of the agency.  Tr. 6-8.

Plaintiff was thirty-five years old at the time of the ALJ's decision with a high school education. Tr. 46, 48.  Plaintiff alleges disability since April 30, 2007, due to physical and mental limitations attributable to rheumatoid arthritis and thrombocytopenia, a blood disorder.

## STANDARD OF REVIEW

This court has the discretion to reverse the Commissioner's decision with or without a remand for further administrative proceedings. 42 U.S.C § 405(g); Harman v. Apfel, 211 F.3d 1172, 1177-78 (9th Cir. 2000).  "[R]emand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits."

Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  The

Ninth Circuit articulated a test for determining when to remand

for an immediate finding of disability and award of benefits in

Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996).  Accordingly,

this Court may credit evidence and remand for award of benefits

where:

>     1) The ALJ has failed to provide legally sufficient reasons
>     for rejecting [medical opinions or a claimant's testimony];
>     2) There are no outstanding issues to be resolved before a
>     determination of disability can be made; and
>     3) It is clear from the record that the ALJ would be
>     required to find the claimant disabled were such evidence
>     credited.

See id. at 1292.  If, however, unresolved issues remain such that

the record does not clearly require a finding of disability, the

court should remand for further proceedings to remedy defects in

the original proceedings.  See id.; McAllister v. Sullivan, 888

F.2d 599, 603 (9th Cir. 1989).

However, this court must affirm the Commissioner's decision

if it is based on proper legal standards, and the findings are

supported by substantial evidence in the record.  Hammock v.

Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence

is "more than a mere scintilla.  It means such relevant evidence

as a reasonable mind might accept as adequate to support a

conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)

(quoting Consolidated Edison Co. V. N.L.R.B., 305 U.S. 197, 229

(1938)).  The court must weigh "both the evidence that supports

and detracts from the Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). While questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999), any negative credibility findings must be supported by findings on the record and supported by substantial evidence. Cequerra v. Sec'y of Health and Human Servs., 933 F.2d 735, 738 (9th Cir. 1991).

### COMMISSIONER'S DECISION

Plaintiff originally alleged disability was pursuant to Title II of the Act and was therefore required to demonstrate that her alleged disability began prior to her date last insured (DLI), December 31, 2007. Tr. 24. See Flaten v. Sec'y of HHS, 44 F.3d 1453, 1460-1465 (9th Cir. 1995). Thus, to be eligible for SSDI benefits, plaintiff must establish that her disability arose at some point during the period between her initial onset date of April 30, 2007, and her DLI.

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). Claimant must demonstrate "inability to engage

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected. . . to last for a continuous period of not less than 12 months." 42 U.S.C. §(d)(1)(A).

A five-step analysis is employed to determine disability. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at the first four steps, with the Commissioner bearing a burden of production at step five. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. 404.1520(b), 416.920(b). If the claimant has been engaged in such activity, the claimant is deemed not disabled. Here, the ALJ found that during the relevant periods, claimant was not engaged in substantial gainful activity. Tr. 26.

Step two entails the Commissioner determining whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment is not found at this stage, the plaintiff is deemed not disabled. If severe impairments are found, the inquiry moves to step three. The ALJ found that plaintiff suffered from both rheumatoid arthritis and thrombocytopenia, finding both ailments "severe" within the

5 - OPINION AND ORDER

meaning of the regulations. Tr. 26.

Step three determines whether the impairment or combination
of impairments meets or equals "one of a number of listed
impairments that the [Commissioner] acknowledges is so severe as
to preclude gainful activity." Yuckert, 482 U.S. at 141; 20
C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is
presumptively disabled; if not, the analysis proceeds to step
four. The ALJ found that the claimant's listed impairments were
not severe so as to preclude her from engaging in any gainful
activity. Tr. 27.

At step four, the Commissioner determines whether the
claimant can still perform past relevant work (PRW), and if so,
the commissioner makes a finding that the claimant is not
disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). The key issue
at this step is determining the claimant's "residual functional
capacity," (RFC) which reflects the claimant's ability to perform
sustained work activities in an ordinary work setting. Social
Security Regulation (SSR) 96-8p. In this case, the ALJ found the
following:

> [T]hrough the date last insured, the claimant had the
> residual functional capacity to perform sedentary work as
> defined in 20 CFR 404.1567(a) except due to symptoms of
> pain and fatigue, she can perform tasks that involve at
> least 2 hours of standing and/or walking, and about 6
> hours of sitting in an 8-hour workday. Such tasks must
> involve no more than occasional climbing, balancing,
> stooping, kneeling, crouching, or crawling. She can
> frequently, but not constantly, engage in bilateral
> handling, fingering, or overhead lifting.

6 - OPINION AND ORDER

Tr. 27.  The ALJ determined that plaintiff was unable to perform her PRW, as doing so would exceed her RFC.  Tr. 31.

In step five, the Commissioner carries the burden of establishing that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).  If the Commissioner proves that the claimant is able to perform such work, the claimant is deemed not disabled. Alternatively, if the Commissioner is unable to meet the burden, the claimant is deemed disabled.  20 C.F.R. §§ 404.1566, 416.966. Here, partially relying on the testimony of a vocational expert (VE) called to testify, the ALJ found the plaintiff could perform certain unskilled, sedentary jobs that exist in significant numbers in the national economy, such as a surveillance system monitor, order clerk, or call out operator. Tr. 27.

<u>DISCUSSION</u>

Plaintiff asserts that the ALJ's RFC finding was inaccurate. She argues specifically that the ALJ failed to properly consider all of her restrictions, that the ALJ's hypothetical to the VE failed to include these restrictions, and that the ALJ improperly rejected her testimony, as well as the supporting testimony by her husband, and her treating primary care physician. Plaintiff additionally argues that the ALJ erred at Step Five of the sequential analyses by posing an invalid hypothetical to the VE.

7 - OPINION AND ORDER

Thus, plaintiff argues that the ALJ's decision was not supported by substantial evidence and requests this Court reverse the Commissioner's final order and find the claimant disabled.  As an alternative, plaintiff requests that the Court remand the Commissioner's final decision for further proceedings.

1. Rejection of Plaintiff's Testimony

Plaintiff argues the ALJ committed error by finding plaintiff not credible.  Plaintiff alleges the ALJ failed to provide "clear and convincing" evidence to support rejecting her testimony. Pl's. Br. 16.

Identifying whether testimony is credible, along with resolving conflicts in the testimony and record, is solely the function of the ALJ.  Morgan v. Comm'r Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Properly establishing credibility is a two-step process.  First, the ALJ must determine if there is "'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Ligenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)).  If the claimant presents such evidence, the ALJ must then articulate "'specific, clear and convincing reasons'" supporting his or her decision to reject the claimant's testimony regarding the severity of their symptoms. Id.

In making a credibility finding, the ALJ may take into

account "whether the claimant engages in daily activities inconsistent with the alleged symptoms." Ligenfelter, 504 F.3d at 1036.  Additionally, an ALJ may consider a claimant's testimony regarding their own daily activities "indicating capacities that are transferable to a work setting." Morgan, 169 F.3d at 600.

Here, the ALJ explained that plaintiff's testimony regarding her daily activities contradicted her later testimony regarding the severity of her symptoms.  Tr. 29. The ALJ noted plaintiff's testimony indicating she took her children to school, helped care for her ill, elderly mother, managed the family finances, and read novels. Id.  The ALJ found that plaintiff's involvement in these activities contradicted her assertions of near total physical and mental incapacitation. Id.

Further, even when a plaintiff's activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1225 (9th Cir. 2010).  Moreover, a claimant's credibility can be undermined even if he or she suffers consequences of an illness, so long as the objective case record reflects the claimant's ability "to rally and improve [their] functioning." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009).

9 - OPINION AND ORDER

The ALJ's decision reflects this standard as his RFC finding acknowledged plaintiff's rheumatoid arthritis and thrombocytopenia prevented her from engaging in her past relevant work. The ALJ, however, then specifically identified the portions of plaintiff's testimony that undermined her claims of near total impairment. Tr. 29. Further, the ALJ considered the plaintiff's extensive medical history, which established that plaintiff's symptoms and ailments were tempered by the administration of certain medications. Tr. 28. The ALJ also found that the medical record reflected less severe symptoms and complications than those alleged by plaintiff. Tr. 28-29.

I find that the ALJ presented clear and convincing reasons for rejecting plaintiff's testimony and supported these reasons with substantial evidence from the record. Accordingly, his decision to discredit plaintiff's testimony was proper.

2. Dr. Sinnott's Testimony

Plaintiff's longtime primary care physician, Dr. James Sinnott, testified at the April 2010 hearing. Dr. Sinnott's testimony and prior medical analyses tended to support plaintiff's allegations of near total physical and mental disability. In September 2009, Dr. Sinnott found plaintiff permanently and totally disabled with virtually no chance of pursuing meaningful work. Tr. 30. In his RFC finding, the ALJ chose to assign less weight to Dr. Sinnott's testimony than to

10 - OPINION AND ORDER

that of other medical experts with contrary opinions.

An ALJ must give "specific, legitimate reasons" for rejecting the testimony of a treating physician and must support such reasons with "substantial evidence in the record." Morgan, 169 F.3d at 600 (quoting Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)). Further, opinions of non-treating physicians may constitute "substantial evidence when they are supported by other evidence in the record and are consistent with it." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987)).

The ALJ detailed the reasons for rejecting Dr. Sinnott's testimony by summarizing the relevant facts and highlighting conflicting medical evidence. Tr. 30. The ALJ also pointed to the numerous contradictory findings of other medical experts, including Dr. Sidney Cassell, a rheumatologist, Dr. Bret Cook, a treating physician, and Dr. Robert Karsh, a rheumatology specialist and expert. Tr. 28-30. Moreover, the ALJ explained that he considered the testimony of physical therapist Brad Williams in assessing plaintiff's true exertional capacity. Tr. 29.

When the medical evidence is inconclusive regarding the ultimate issue of a claimant's disability, assigning credibility to expert medical testimony is the sole responsibility of the ALJ. Id. Contradictions between the report of a treating

11 - OPINION AND ORDER

physician and the reports of examining physicians are sufficient to establish inconclusiveness; inconclusiveness can also result from disparate "almost contemporaneous" diagnoses issued by different physicians.  Id.

The ALJ explained his decision to assign more credibility to the reports and diagnoses of other medical professionals. Specifically, the ALJ noted that the findings of Drs. Karsh, Cassell, Cooke, and Lahr conflicted with Dr. Sinnott's findings and were far more consistent with the objective medical evidence and the plaintiff's own activities. Tr. 28-31.

Additionally, a treating physician's credibility can be undermined by a contradictory report or finding issued by an examining physician or expert who specializes in a relevant field.  Molina, 674 F.3d at 1112.  When this occurs, the ALJ should assign greater weight to the physician with expertise in the field(s) necessary to resolve a question of disability.  Id. (citing Smolen v. Chater, 80 F.3d 1272, 1285 (9th Cir. 1996)).

Dr. Cassell is a practicing rheumatologist and Dr. Karsh is a rheumatology specialist. Tr. 29, 227-302, 339-355, 408, 417-30. The ALJ gave weighted their opinions above Dr. Sinnott's due to their specialized qualifications in rheumatoid arthritis. Also, their testimony was more consistent with the record as a whole. Tr. 30.

I find no error in the ALJ's decision to assign lesser

weight to Dr. Sinnott's opinion.   The ALJ relied on testimony
from Dr. Cassell and Dr. Karsh, both of whom specialize in fields
relevant to plaintiff's ailments, along with the expert testimony
of numerous other qualified professionals.   These contradictory
opinions created inconclusiveness in determining plaintiff's
level of disability, leaving the ultimate issue of testimonial
credibility within the purview of the ALJ.   By highlighting these
disparate opinions, along with evidence in Dr. Sinnott's own
reports which contradicted his ultimate opinion, the ALJ
satisfied his burden of providing specific, legitimate reasons
supported by substantial evidence for rejecting Dr. Sinnott's
testimony.

3. Rejection of Lay Witness Testimony

     Plaintiff further argues the ALJ's RFC finding was flawed
because he improperly rejected the testimony of her husband,
Shane Smith. Lay witness testimony is "competent evidence that
the ALJ must take into account." Nguyen v. Chater, 100 F.3d
1462, 1467 (9th Cir. 1996). Competent lay testimony cannot be
flippantly disregarded without the ALJ providing a reason. Id. To
reject such testimony, the ALJ must provide reasons which are
germane to each witness. Molina, 674 F.3d at 1114.

     Inconsistency with objective medical evidence is a valid,
germane reason to reject lay testimony. Bayliss v. Barnhart, 427
F.3d 1211, 1218 (9th Cir. 2005). The ALJ explained that Mr.

Smith's testimony regarding the extent of his wife's ailments conflicted with medical evidence demonstrating that plaintiff's condition improved with regular exercise and weight loss and was controllable through the use of regular medication. Tr. 31.

Lay testimony may also be properly rejected for the same reasons an ALJ chooses to reject a claimant's testimony if the two are essentially identical. Molina 674 F.3d at 1114. Mr. Smith's testimony was substantially similar to his wife's: plaintiff was essentially completely disabled and incapable of engaging in tasks involving minimal physical or mental exertion. Tr. 69-71.

Lay testimony may also be rejected if it contradicts the claimant's activities and the ultimate opinion of the lay witness. Lewis v. Apfel, 236 F.3d 503, 512 (2000). Mr. Smith testified that his wife manages the family finances, cooks, does household chores, and goes shopping. Tr. 68-71. The ALJ's opinion noted Mr. Smith's testimony and its conflict with Mr. Smith's general assessment agreeing with plaintiff's claims of comprehensive disability. Tr. 32.

The ALJ rejected Mr. Smith's testimony because it conflicted with objective medical evidence, paralleled plaintiff's discredited testimony, and contained statements which contradicted Mr. Smith's ultimate opinion regarding plaintiff's level of disability. Those are germane, valid reasons to

discredit the testimony of a lay witness, thus I find no error in the ALJ's decision to assign less weight to Mr. Smith's opinion.

4. Hypothetical Question to the Vocational Expert

Finally, plaintiff alleges the ALJ erred at step five of the sequential analysis by posing an invalid hypothetical question to Francine Geers, the vocational expert (VE). Plaintiff alleges the hypothetical question failed to include all of the plaintiff's limitations, along with the testimony of plaintiff, Mr. Smith, and Dr. Sinnott. I find no error in the ALJ's hypothetical posed to the VE.

An ALJ's hypothetical to a VE need only include "the limitations the ALJ found credible and supported by substantial evidence in the record." Bayliss, 427 F.3d at 1217; Osenbrock v. Apfel, 240 F.3d 1157, 1165 (9th Cir. 2001). Here, the ALJ's hypothetical asked the VE to consider "a hypothetical person of the claimant's age, education and work experience who is able to perform a full range of sedentary work." Tr. 81. Based on those qualities, the VE opined that such a person would be capable of working as a surveillance system monitor, order clerk, and callout operator. Tr. 81-82. The VE further stated that these were sedentary, unskilled jobs existing in significant numbers in the national economy. Id. Accordingly, the ALJ adopted the VE's recommendation at step five, finding plaintiff capable of performing those jobs, rendering her not disabled. Tr. 32.

15 - OPINION AND ORDER

The ALJ properly declined to include alleged limitations evidenced by testimony he found not credible. His opinion that plaintiff was able to perform a "full range of sedentary" work was supported by substantial, credible evidence from the record. That evidence included his determination that plaintiff was capable of managing family finances, taking her children to school, and reading novels. Accordingly, the ALJ's hypothetical question properly incorporated plaintiff's credible limitations.

<u>CONCLUSION</u>

The ALJ's conclusion that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED. IT IS SO ORDERED.

DATED this 22nd day of March 2013.

_____
Ann Aiken
United States District Judge

16 - OPINION AND ORDER